**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1993
_____

In re: ANDREW COX,
                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-16-cv-00345)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 4, 2020

Before: SMITH, Chief Judge, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: June 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

Andrew Cox is a federal prisoner currently incarcerated at FCI-Elkton in Ohio. In

January 2016, Cox filed a motion to vacate, set aside, or correct his sentence pursuant to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

28 U.S.C. § 2255 in the United States District Court for the District of New Jersey. That motion is still pending in the District Court.

On May 12, 2020, Cox filed in this Court a petition for a writ of mandamus. He asserts that the Government has abandoned its opposition to his § 2255 motion by failing to comply with the District Court's January 27, 2020 order to supplement its answer. He further asserts that he has made several requests to the District Court to expedite adjudication of his § 2255 motion in light of the Government's abandonment, but that the District Court refuses to do so. For these reasons, he asks this Court to grant his § 2255 motion and order his immediate release. He seeks such relief on an emergency basis in light of an outbreak of COVID-19 at FCI-Elkton.

"Traditionally, the writ of mandamus has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quotation marks omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. (quotation marks omitted). A petitioner seeking the writ must establish that: (1) there are no other adequate means to attain the desired relief and (2) the right to the writ is clear and indisputable. Id. We may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

2

We will deny the petition. After Cox filed his mandamus petition in this Court, the District Court entered an order directing the Government to supplement its answer and respond to Cox's most recent filings.[1] Therefore, contrary to Cox's contention, the District Court is moving forward with the case, and we are confident that it will adjudicate his pending § 2255 motion in a timely manner. Furthermore, to the extent that Cox asks this Court to immediately order his release due to the COVID-19 outbreak, he has failed to demonstrate that he has no other adequate means to attain the desired relief, as he has not sought such relief in the District Court.

Accordingly, we will deny the petition for a writ of mandamus. We note that this denial is without prejudice to Cox's ability to raise his COVID-19-based request for release in the District Court. We express no opinion on that request.

---

[1] The time for the Government to comply has not yet expired.